NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

AJAX MAGNETHERMIC
CORPORATION,
Respondent.

No. 77–1097.

United States Court of Appeals,
Sixth Circuit.

Feb. 16, 1979.

Rehearing Denied April 18, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., John D. Burgoyne, Bernard Jeweler, Washington, D. C., Bernard Levine, Director, Region 8, N. L. R. B., Cleveland, Ohio, for petitioner.

C. A. Covington, Jr., Henderson, Covington, Stein, Donchess & Messenger, Christopher J. Newman, Youngstown, Ohio, for respondent.

ON APPLICATION FOR ENFORCEMENT OF AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

Before EDWARDS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

ORDER

This matter is before the court on petition of the National Labor Relations Board for enforcement by this court of its order finding the respondent guilty of violating Sections 8(a)(3) and 8(a)(1) of the National Labor Relations Act as amended. The decision and order of the Board are reported at 22 NLRB No. 63.

Upon consideration of the record before the court and the briefs and oral arguments of counsel, the court concludes that the findings of the Board that the respondent violated Sections 8(a)(3) and (1) of the Act by discharging employee Robert Hall and laying off employees Kenneth Shaw and Doris Beachler are supported by substantial evidence. The court also concludes that the finding of the Board that

the respondent violated Section 8(a)(1) of the Act by coercively interrogating employees concerning their activities on behalf of the union is supported by substantial evidence on the record as a whole. However, the court concludes that the Board erred in finding that respondent violated Section 8(a)(1) of the Act by sending a letter to its employees over the signature of its president on August 8, 1975. The Court concludes that this letter constituted a communication with employees permitted under Section 8(c) of the Act.

Since the Board's Order made no reference to the letter of August 8, 1975 and its decision on all other issues covered by the Order is supported by substantial evidence, enforcement of the Order is hereby granted.